IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVYN TAYLOR,
No. 07941-025,

Petitioner,

vs.

B. TRUE,

Respondent.

Case No. 18–cv–0556-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Kevyn Taylor is currently incarcerated in the United States Penitentiary located at Marion, Illinois ("USP-Marion"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Relying on the United States Supreme Court's decision in *Dean v. United States*, — U.S. —, 137 S. Ct. 1170 (2017), Taylor challenges the sentence imposed against him in *United States v. Taylor*, No. 08-cr-30061-JPG-DGW (S.D. Ill. 2008) ("criminal case"). (Doc. 1, p. 7). He asks the Court to vacate his sentence. *Id*.

This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

1

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the § 2241 Petition shall be dismissed.

## I. Background

Following a jury trial on June 17, 2009, Taylor was found guilty of 6 counts related to his involvement in a crack cocaine dealing operation, including conspiracy to distribute crack cocaine, distribution of crack cocaine, possession with intent to distribute crack cocaine, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. *See United States v. Taylor*, No. 08-cr-30061-JPG-DGW (S.D. Ill. 2008) ("criminal case") (Docs. 53, 69, criminal case). On September 29, 2009, he was sentenced to a total of 240 months of imprisonment and 5 years of supervised release.[1] *Id*. Judgment was entered the same day. (Doc. 69, criminal case).

Taylor appealed. On March 29, 2011, the United States Court of Appeals for the Seventh Circuit affirmed Taylor's conviction and sentence. *United States v. Taylor*, 637 F.3d 812 (7th Cir. 2011). Taylor filed a Petition for a Writ of Certiorari in the United States Supreme Court. *Taylor v. United States*, 132 S. Ct. 257 (2011). The Petition was denied on October 3, 2011. *Id*.

Taylor subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on September 30, 2012. *Taylor v. United States*, No. 12-cv-01049-JPG (S.D. Ill. 2012) ("§ 2255 Motion"). In the § 2255 Motion, he raised the same arguments that he addressed in his direct appeal.

---

[1] He also received a fine of $250.00 and a special assessment of $500.00.

2

(Doc. 1, § 2255 Motion). On December 13, 2012, the sentencing court denied the § 2255 Motion, after declining to reconsider the same arguments absent any change in his circumstances. (Doc. 2, pp. 3-4, § 2255 Motion).

Taylor subsequently filed a Motion to Reduce Sentence pursuant to 28 U.S.C. § 3582(c)(2), and the Motion was granted on May 5, 2016. (Doc. 150, criminal case). Accordingly, Taylor's total sentence was reduced from 240 months (20 years) to 211 months (17.5 years) of incarceration.[2] *Id*. Plaintiff's previous offense level of 36 (with a Guideline range of 188-235 months) was reduced to 34 (with a Guideline range of 151 to 188 months). *Id*. His reduced sentence was outside the guideline range because of the 60-month consecutive sentence on Count 4. *Id*.

## II. The Petition

In the instant § 2241 Petition, Taylor now asserts that his sentence was imposed in violation of 18 U.S.C. § 3553(a) and the United States Supreme Court's decision in *Dean v. United States*, — U.S. —, 137 S. Ct. 1170 (2017). (Doc. 1, p. 4). In *Dean*, the Supreme Court addressed 18 U.S.C. § 924(c), a statute which creates a separate offense for using or possessing a firearm in connection with a violent or drug trafficking crime. *Id*. That separate offense carries a mandatory minimum sentence of 5 years for the first conviction and 25

---

[2] The 180-month sentence imposed on Counts 1, 2, and 3 was reduced to 151 months on each count ordered to run concurrent to each other and Count 5. (Doc. 150, criminal case). The 120-month sentence on Count 5 remained intact and was ordered to run concurrent to Counts 1, 2, and 3. *Id*. Finally, the 60-month consecutive sentence on Count 4 remained unchanged and was ordered to run consecutive to Counts 1, 2, 3, and 5. *Id*.

3

years for a second conviction. *Dean*, 137 S. Ct. at 1174.

The Supreme Court in *Dean* specifically considered the question of whether sentencing courts must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c) when calculating the sentence for the predicate offense. *Dean*, 137 S. Ct. at 1174. The Supreme Court answered that question in the negative—holding that § 924(c) does not prevent the sentencing court from considering a mandatory minimum imposed under that provision when calculating an appropriate sentence for the predicate offense. *Id*. at 1175-78. Regardless of the sentence for the predicate offense, a district court does not violate the terms of § 924(c) as long as it imposes the mandatory minimum "in addition to" the sentence for the violent felony or drug trafficking crime. *Id*. The language of § 924(c) simply requires any mandatory minimum under § 924(c) to be imposed in addition to the sentence for the predicate offense and to run consecutive to that sentence. *Id*.

Taylor points out that the holding in *Dean* is contrary to Seventh Circuit precedent that was in effect when he was sentenced in 2009. (Doc. 1, p. 6). At the time, the sentencing court operated under *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007). In *Roberson*, the Seventh Circuit specifically held that a sentencing judge "cannot reduce the sentence for a predicate crime to balance out the mandatory consecutive sentence prescribed for a conviction under 18 U.S.C. § 924(c)." *United States v. Starwalt*, 701 F. App'x 508, 510 (7th Cir. 2017) (citing *Roberson*, 474 F.3d at 436-37). Taylor insists that the court would

4

not have sentenced him to the 17.5 years he is currently serving, had *Dean* been decided when he was sentenced. (Doc. 1, pp. 6-7). He now asks this Court to resentence him consistent with *Dean* and § 3553(a). (Doc. 1, p. 4).

### III. Discussion

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Section 2241 applies to challenges to the fact or duration of confinement. *Id*. In the instant § 2241 Petition, Taylor is attacking his sentence, which points to § 2255 as the proper avenue for relief.

Under limited circumstances, however, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition, where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy

for a prisoner who had filed a prior § 2255 motion).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must satisfy three conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d at 640. First, he must rely on a new statutory interpretation case rather than a constitutional case. *Id*. Second, he must rely on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. *Id*. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id*.

Taylor cannot satisfy the second *Davenport* requirement. He relies entirely upon *Dean* in support of his request for resentencing, but that case has not been deemed retroactively applicable. In fact, courts that have considered this question have consistently held otherwise. *See, e.g., Tomkins v. United States*, 2018 WL 1911805, at *20 (N.D. Ill. April 23, 2018) (finding that *Dean* does not apply retroactively) (citing *United States v. Carter*, 2018 WL 1369908, at *3 (D. Or. Mar. 9, 2018) (concluding that "*Dean* is not retroactive because it is a new procedural rule designed to enhance the accuracy of a conviction or sentence by regulating the manner of determining the defendant's culpability." (internal quotations omitted)); *United States v. Dawson*, 2018 WL 1082839, at *5 (D. Or. Feb. 27, 2018) (concluding that *Dean* does not apply retroactively because the case "was about a sentencing judge's discretion, which is a procedural concern.").

*See also Rhodes v. United States*, 2018 WL 950223, at *6 (E.D. Mo. Feb. 20, 2018) ("*Dean* does not apply retroactively to § 2255 proceedings under the criteria set forth in *Teague v. Lane*[.]" (citations omitted)); *United States v. Cooley*, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12, 2017) (dismissing § 2255 motion as untimely, as *Dean* was not retroactive); *United States v. Adams*, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (same). This includes the Fifth Circuit, which is the only court of appeals to address the issue to date. *In re Dockery*, 2017 WL 3080914, at *1 (7th Cir. July 20, 2017) (*Dean* does not apply retroactively to a § 2255 motion). This also includes the only other district courts in this circuit to consider the question. *See, e.g., Reed v. United States*, 2018 WL 453745, at *2 (N.D. Ill. Jan. 16, 2018) (finding that *Dean* does not apply retroactively to case on collateral review); *Hall v. United States*, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) (finding *Dean* does not have retroactive application). Taylor does not provide the Court with a compelling reason why it should part with other courts on this issue. Under the circumstances, the § 2241 Petition does not trigger application of the savings clause in § 2255(e). Accordingly, the § 2241 Petition shall be dismissed.

### IV. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice. Respondent **B. TRUE** is also **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal

with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.16
15:22:15 -05'00'

United States District Judge